[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 10-12507
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 5, 2011
JOHN LEY
CLERK

D. C. Docket No. 9:09-cv-80813-KLR

ARLENE SPILFOGEL,

Plaintiff-Appellant,

versus

FOX BROADCASTING COMPANY,
A Delaware corporation,
LANGLEY PRODUCTIONS, INC.,
a California Corporation,
TURNER BROADCASTING SYSTEM, INC.,
a Georgia corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 5, 2011)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Arlene Spilfogel appeals the district court's order dismissing her complaint. On appeal, she asserts that the court below erred in finding that her complaint failed to state a cause of action. Specifically, she alleges that defendants invaded her privacy by way of "public disclosure of private facts" and "intrusion upon seclusion," two Florida common law torts.[1] Her allegations arise out of an incident in which she was filmed for an episode of the television show "COPS" without her knowledge during a traffic stop.[2]

I.

Spilfogel's first allegation is that Defendant's committed an invasion of privacy. Under Florida law, the elements of the tort of invasion of privacy are: 1) the publication, 2) of private facts, 3) that are offensive, and 4) are not of public concern. Cape Publ'ns, Inc. v. Hitchner, 549 So. 2d. 1374, 1377 (Fla. 1989). Spilfogel claims that the district court erred in concluding that the she failed to allege facts sufficient to satisfy the second element.

Spilfogel's second amended complaint alleged that the COPS broadcast

---

[1]    Spilfogel makes no mention on appeal of causes of action stated in her complaint for commercial misappropriation and defamation by implication. These arguments are waived.

[2]    The motion or Appellant for leave to file a brief out-of-time is granted. The reply brief in question was considered by this Court in its analysis of this case.

publicized her "eccentric reactions and behavior in stressful situations." Specific facts about her that were disclosed include: that she was upset with her daughter, that she keeps her cell phone in a plastic bag in her purse and uses the phone with the bag on it, and that she had a trunk full of items that she wanted to give to hurricane victims but these donations had not been accepted.[3] Spilfogel offers very little explanation for why any reasonable juror could find these particular facts are private and how such a juror could deem their revelation offensive. No such explanation is readily apparent to this court.

Spilfogel relies on Baugh v. CBS, Inc., 828 F. Supp. 745 (N.D. Cal. 1993), to support her allegations, stating that right to privacy cases are "very fact sensitive" and the fact patterns are "markedly" and "striking[ly] similar." Plaintiff fails to explain whether, and to what extent, the California legal regime that Baugh was decided under and Florida law are similar. Regardless, there are critical factual differences between that case and this one. Baugh called the police to report an instance of domestic violence in her home. She was recorded in her home as she relayed deeply personal information regarding her marriage and health. The Baugh court noted the difficult and complex nature of domestic

---

[3] Spilfogel also claims that the episode revealed facts about her stance on the usage of medication. However, this claim was not made before the district court and is therefore waived. See Walton v. Johnson & Johnson Serv., Inc., 347 F.3d 1272, 1292 (11th Cir. 2003).

violence and stated that Baugh had "a legitimate interest in maintaining the integrity and dignity of the[] family unit." Id. at 755. In contrast, Spilfogel was recorded on a public street discussing the details of a traffic stop for running through several stop signs and driving without working tag and head lights on her vehicle. Spilfogel trivializes the difference between a conversation about the specifics of an instance of domestic violence and a conversation about traffic violations. As discussed above, no material information regarding the intimate details of the family unit were recorded in the instant case, nor did Spilfogel allege to the district court that any information regarding her health or well-being was disclosed. The facts of the two cases could hardly be more different.

Spilfogel failed to allege the disclosure of any facts that a reasonable juror could deem private and offensive. Thus, the district court was correct to dismiss her complaint for public disclosure of private facts.

## II.

Spilfogel's second allegation is that Defendants intruded upon her seclusion. Under Florida law, this tort requires intrusions "into a 'place' in which there is a reasonable expectation of privacy." Allstate Ins. Co. v. Ginsberg, 863 So. 2d 156, 162 (Fla. 2003) (per curiam). For liability to attach, the offender must

be guilty of "physically or electronically intruding into one's private quarters." Id. Because the alleged facts state that the recording occurred on a public street, Spilfogel has not pled facts adequate for a finding that Defendants' intruded upon her seclusion.

Plaintiff fails to produce any meaningful support for her argument that the public street on which the recording occurred was a private place. Spilfogel cites the Supreme Court case Delaware v. Prouse, 440 U.S. 648, 99 S. Ct. 1391 (1979), for the proposition that not all Fourth Amendment protection is lost when a person leaves their home or enters their car. Unfortunately for Plaintiff, this is a far cry from establishing that Florida law deems a city street a private place for the purposes of the law of invasion of privacy. In fact, Spilfogel cites to no Florida cases whatsoever in support of her intrusion upon seclusion claim. Instead, she cites to the definition of the tort in the Second Restatement and to various Alabama cases. These authorities carry minimal weight in this case because the Florida Supreme Court has explicitly stated that its intrusion tort is narrower than Alabama's. Ginsberg, 863 So. 2d at 162 (distinguishing between Alabama and Florida's versions of the law on the basis of Alabama's adoption of the Restatement's reliance on "private activities" while Florida requires intrusion into "private quarters") .

Spilfogel fails to state facts upon which a reasonable juror could find that the taping of her conversation with the police officer in a public street amounted to an intrusion into her "private quarters." Florida law explicitly requires an intrusion into a private place and not merely into a private activity. Spilfogel voluntarily placed herself in a public place where she did not have a reasonable expectation of privacy. Accordingly, the judgment of the district court is

**AFFIRMED**